# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| STACY WHITE MATTERN, | : | |
|---|---|---|
| Plaintiff, | : | |
| | : | Civil Action No. 3:12-CV-1969 |
| v. | : | |
| | : | |
| DIAMOND WARRANTY CORP., | : | |
| SAMUEL R. MCARTHUR and | | (JUDGE MANNION) |
| JAMES LIMONGELLI, | : | |
| | : | |
| Defendants, | : | |

## MEMORANDUM

Before the court is a motion to dismiss plaintiff's claims against defendants McArthur and Limongelli under the federal Equal Pay Act and the West Virginia Wage Payment and Collections Act ("WPCA").[1] (Doc. No. 6.) Because plaintiff does not oppose defendants' motion to dismiss the Equal Pay Act claim against defendants McArthur and Limongelli,[2] (Doc. No. 9, at 2), the court will only consider the motion with respect to the WPCA.

## BACKGROUND

Plaintiff Stacy Mattern is a former employee of Diamond Warranty

---

[1] Defendants do not move for dismissal of Count I where plaintiff argues defendants discriminated and retaliated against her because of her gender in violation of West Virginia common law.

[2] Plaintiffs concede that Count II, the Equal Pay Act claim, should be dismissed against Mr. McArthur and Mr. Limongelli in their individual capacities. (Doc. No. 9, at 2.) Therefore, the Equal Pay Act claim will be dismissed as to McArthur and Limongelli, but not as to Diamond Warranty Corp.

Corporation.[3] (Doc. No. 1, at 4.) During her time with Diamond, plaintiff was a "Dealer Development Manager" in charge of training and supervising sales representatives, traveling to visit sales representatives, and making sales calls. (Doc. No. 1, at 4.) She worked out of her home in Charleston, West Virginia, and managed company accounts located throughout the state. (Doc. No. 1, at 2, 4.)

During plaintiff's employment at Diamond Warranty, the company had an official policy of withholding the first two weeks of employees' pay. (Doc. No. 1, at 10.) New employees received their first pay check a month or more after being hired and only get paid for the last two weeks of their first month with the company. (Doc. No. 1, at 10.) Diamond made no exception in plaintiff's case and withheld her first two weeks of pay, so the company was always two weeks behind in paying plaintiff. (Doc. No. 1, at 10.)

When plaintiff was terminated, defendant Diamond owed her four weeks of pay, two weeks of which was withheld because of the aforementioned company procedure. (Doc. No. 1, at 10.) When plaintiff received her final paycheck, it was missing two weeks of pay, amounting to $2291.67. (Doc. No. 1, at 10, 11.) Plaintiff claims she has never been paid for these two weeks. (Doc. No. 1, at 11.) Plaintiff also claims Diamond failed to timely pay her

---

[3]The background facts are drawn from plaintiff's complaint. As such, they are allegations and do not express the court's version of the facts nor the merits of any claim.

$1,545.21 in commissions, an amount ascertainable at the time of her termination. (Doc. No. 1, at 11.) Diamond did eventually pay the accrued commissions but not until more than two weeks after her termination. (Doc. No. 1, at 11.)

Plaintiff claims defendant Diamond Warranty Corporation was, at all relevant times, acting through its employees, including defendants McArthur and Limongelli. (Doc. No. 1, at 2.) She claims defendant McArthur was, at all relevant times, CEO of Diamond Warranty, and defendant Limongelli was, at all relevant times, president of the company. (Doc. No. 1, at 2, 3.) Defendants McArthur and Limongelli directed the activities of and oversaw Diamond's West Virginia employees, including plaintiff. (Doc. No. 1, at 3.) The complaint indicates that McArthur and Limongelli were substantially involved in employee hiring and termination. (Doc. No. 1, at 5, 7, 8, 9, 10.) Finally, plaintiff's complaint indicates that Mr. McArthur and Mr. Limongelli had face to face conversations with and traveled with plaintiff on more than one occasion. (Doc. No. 1, at 6, 8, 9.)

## STANDARD OF REVIEW

Defendants' motion to dismiss is brought pursuant to the provisions of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be

granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir.2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. Id. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir.2008) (brackets and quotations marks omitted) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263 (3d Cir.2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit

4

to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir.1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir.2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir.1994).

## **DISCUSSION**

The crux of plaintiff's argument in Count III is that defendants McArthur and Limongelli are liable for Diamond's violation of the provisions of the WPCA because they knowingly permitted the company to withhold plaintiff's accrued wages and commissions. (Doc. No. 8, at 10.) The WPCA provides, "[w]henever a person, firm or corporation discharges an employee, such person, firm or corporation shall pay the employee's wages in full within seventy-two hours." W. Va. Code §21-5-4. If employees are not paid within seventy-two hours, they may recover, "in addition to the amount which was unpaid when due . . . three times that unpaid amount as liquidated damages." (Id.)

The Supreme Court of West Virginia has interpreted §21-5-4 as creating

personal liability on the part of corporate officers. McDaniel v. West Virginia Div. of Labor, 591 S.E.2d 277, 283 (2003) (citing Mullins v. Venable, 297 S.E.2d 866, 869 (1982) (finding that legislature intended to impose officer liability under law despite its silence on the matter)). Liability hinges on whether the officers "knowingly permit the corporation or firm to violate the provisions of [the WPCA]." Id. (quoting W. Va. Code §21-5-1(h)). The phrase "knowingly permit," however, is not used in the active sense; rather, it means "to allow with personal information or allow by virtue of a position in which the person should have known." Id. at 723, n. 10 (quoting Mullins v. Venable 297 S.E.2d 866, 870, n. 2 (1982)); see also Baisden v. CSC-Pa, Inc., 2:08-CV-1375, 2010 WL 3910193 (Oct. 1, 2010) (finding that officers were actively involved in day-to-day management of corporation, so reasonable juror could find that officers should have known about violation of WPCA).

In their motion to dismiss, defendants claim that plaintiff failed to adequately plead a WPCA claim against defendants McArthur and Limongelli. (Doc. No. 7, at 6.) More specifically, they argue that plaintiff failed to allege in her complaint that defendants were personally aware of the corporation's violation of §21-5-4. (Doc. No. 7, at 6.)

The court finds that plaintiff has adequately pleaded officer liability under the pertinent case law interpreting the WPCA. The court in *Mullins* construed "knowingly permits" as meaning to "allow by virtue of a position in

6

which the person should have known." Mullins, 591 S.E.2d at 283, n. 10. While plaintiff does not couch her allegations using the precise language coined by the court in *Mullins* to establish officer liability, she need only plead sufficient facts to show "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim in a complaint is facially plausible if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Here, plaintiff's complaint allows the court to draw such an inference. She claims her employer did not pay her $2,291.67 in accrued salary and $1,545.21 in commissions. (Doc. No. 1, at 14.) She claims defendants McArthur and Limongelli were, respectively, the CEO and president of the company at all relevant times. (Doc. No. 1, at 2, 3.) Furthermore, they directed the activities of Diamond's West Virginia staff, and, on several occasions, spoke with and visited plaintiff. (Doc. No. 1, at 7, 8, 9.) The complaint indicates that defendants had some awareness of and authority over the company's hiring policies. (See e.g. Doc. No. 1, at 8, 9 (alleging that defendant McArthur said he will not be hiring any more women in the future)). Finally, plaintiff claims she was fired because she complained to defendants McArthur and Limongelli about their discriminatory employment practices and inappropriate behavior. (Doc. No. 1, at 10.) Their responsibilities as president and CEO of Diamond as well as their personal contact with plaintiff throughout

7

her career require the court, when viewing the facts in a light most favorable to plaintiff, to draw the inference that they knew or by nature of their position should have known the company violated the WPCA. Therefore, defendants' motion to dismiss plaintiff's WPCA claim is **DENIED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

Dated: February 6, 2013

O:\Mannion\shared\MEMORANDA - DJ\2012 MEMORANDA\12-1969-01.wpd